J. F. M. BRASSFIELD, Defendant in Error, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, November 28, 1904.

1. **APPELLATE PRACTICE: Misnomer: Writ of Error.** Where a judgment is against a "railroad company" and the writ of error runs in the name of the "railroad," the writ is in the wrong name, since the judgment is against the other name.

2. **TRIAL PRACTICE: Process: Service: Railroads: Chief Officer.** A statutory service on a railroad is not constructive but personal service; the object of the statute prescribing service on the railroad company is to secure service on the chief officer whether he be designated as president or by some other title, and the fact that the return leaves out the word "other" before "chief officer" does not make it irregular.

3. **APPELLATE PRACTICE: Process: Service: Railroads: Misnomer.** A suit was filed and a writ issued against a certain "railroad;" the sheriff's return showed service on a certain "railroad company" against which judgment was rendered. The defendant against whom the judgment is rendered can not complain on a writ of error sued out in the name of the "railroad" merely.

4. **TRIAL PRACTICE: Process: Service: Railroads: Misnomer: Jeofails.** Section 672, Revised Statutes 1899, provides that imperfections of the above description may be cured in the trial or the appellate court.

Brassfield v. Railroad.

Error to Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for plaintiff in error.

(1)   The service of process in this case was constructive, or substituted service; and where service of process is attempted to be had constructively, a strict adherence to the requirements of law must be observed or the judgment will be void.  19 Ency. of Plead. and Prac., 656; Corrigan v. Schmidt, 126 Mo. 310; Cloud v. Pierce City, 86 Mo. 365; Hajek v. Benevolent Society, 66 Mo. App. 572; Gamasche v. Smythe, 60 Mo. App. 161; Fuert v. Caster, 174 Mo. 302; Enewood v. Olsen, 39 Neb. 59, 42 Am. St. Rep. 561; Holtschneider v. Railroad, 81 S. W. 489; Rosenberger v. Gibson, 165 Mo. 23 and cases cited.  (2)   Every fact necessary to confer jurisdiction on the court to hear and determine a cause must affirmatively appear, or the judgment will be void. Laney v. Garbee, 105 Mo. 355; Cloud v. Pierce City, 86 Mo. 357; Vickery v. Railroad, 93 Mo. App. 6; Story v. Ins. Co., 61 Mo. App. 534; R. S. 1899, sec. 592.   (3) Mere notice of service, not according to law, brings no one into court, nor does mere knowledge on the part of the party notified of the pending proceedings have any more valid effect.  Railroad v. Hoereth, 144 Mo. 148. (4)   The judgment in this case is void for want of jurisdiction over the defendant.  They sue a thing, or property, issue a summons commanding it to appear and answer, serve the summons upon a person not named in any of the proceedings, and take judgment against said person by default.  Vickery v. Railroad, 93 Mo. App. 6; Brown v. Railroad, 72 Mo. 567; Thompson et al. v. Allen et al., 86 Mo. 85; Blodgett v. Schaffer, 94 Mo. 671; Bank v. Mudd, 32 Mo. 218; Detroit v. Railroad, 54 Fed. 1; King v. Randlett, 33 Cal. 318; Railroad

v. Black, 84 Tex. 21, 19 S. W. 300; Railroad v. Burns, 23 S. W. 288; Buchanan v. Edminston, 95 N. W. 620; Schoonhover v. Galt, 20 Ill. 46, 71 A. D. 247. (5) If it was intended to sue the Quincy, Omaha and Kansas City Railroad Company, its corporate name should have been set forth accurately in the petition and summons, in order to give the court jurisdiction over it. Martin v. Barron, 37 Mo. 304; Skelton v. Sackett, 91 Mo. 379; Burge v. Burge, 94 Mo. App. 22; Turner v. Gregory, 151 Mo. 103; Riffle v. Lumber Co., 93 Mo. App. 41. (6) The return of the sheriff is insufficient and does not conform to the requirements of the statutes. Section 995 of the Revised Statutes of Missouri of 1899, as amended, laws of 1903, page 115, require the summons to be served on the president "or other chief officer of the company," or, in his absence, by leaving a copy thereof at any business office of the company with the person having charge thereof. The return states that "the president or chief officer of said railroad company can not be found in my said county." Schaeffer v. Brewing Co., 4 Mo. App. 118; 19 Ency. Pl. & Pr., 661.

*Harber & Knight* for defendant in error.

(1) "If a party who is intended to be sued is served with a process in which he is incorrectly designated he must appear and object to the misnomer, otherwise the judgment is good and he will be bound by it." 14 Am. and Eng. Ency. Pl. & Prac., p. 301, note 2; Mosely v. Reily, 126 Mo. 124; Vickery v. Railroad, 93 Mo. App. 6. (2) Again, the plaintiff in error by these very proceedings admits that the "Quincy, Omaha & Kansas City Railroad Company" is the defendant sued, and is therefore the right party, and the right name of the defendant. 14 Am. and Eng. Ency. Pl. & Prac., p. 303, note 2; Hyde v. Watson, 1 Den. (N. Y.) 670; Feaster v. Schniver, 68 Ill. 322. (3) The

sheriff's return is not defective in omitting the word "other" from before the words "chief officer," for the disjunctive "or" in the connection in which it is used means the same as "nor"—that is to say that the "president or chief officer" is not found in the sheriff's county, is the same as to say the president nor chief officer is not found in the sheriff's county; it means, that not any chief officer is found in his county. But aside from this the statute uses the terms interchangeably. R. S. 1899, secs. 660, 670, 672, 673, 995.

BROADDUS, J.—This was an action for personal damages in which judgment was taken by default, and defendant sued out a writ of error from this court.

The petition designated the defendant as, "The Quincy, Omaha and Kansas City Railroad," omitting the word "company," and the summons was issued to correspond with the petition. It was served on defendant's station agent in the proper county. The return of the sheriff was that he had served it, with a copy of the petition, on Harry Moss, "he being in charge of the business office of the Quincy, Omaha & Kansas City Railroad Company, the same being delivered to him while in charge of said office the president or other chief officer of said railroad company not found in my county." The sheriff was allowed to amend his return so as to conform to the facts as follows: "Executed the within writ together with a copy of the within petition and summons thereto attached, to Henry Moss, he being the agent and in charge of the business office of the Quincy, Omaha & Kansas City Railroad Company in the city of Trenton, in the county of Grundy, the State of Missouri, on said 9th day of January, 1904, with the said Harry Moss, the person having charge of said business office, the president or chief officer of said railroad company can not be found in my said county."

On the 29th day of January, 1904, an interlocutory

judgment was rendered against "The Quincy, Omaha & Kansas City Railroad Company;" and on the 24th day of May next thereafter a final judgment against the same for $2,000.

The writ of error was sued out in the name of, "The Quincy, Omaha & Kansas City Railroad."

We assume from the statement and argument of the respective parties that the name of the defendant intended was, "The Quincy, Omaha & Kansas City Railroad Company. If such be the fact and there is any force in the contentions of defendant (plaintiff in error) this writ is prosecuted in the wrong name—that of the "Quincy, Omaha & Kansas City Railroad." There is no judgment against the plaintiff in error under that name.

One of the contentions of defendant, however, is that the proceedings are invalid for want of proper service of process. The argument is, that the service upon railroad corporations as required by the statute is constructive service, therefore a strict adherence to the law is required. Such is the law in instances of constructive service—for example, by publication. Corrigan v. Schmidt, 126 Mo. 304; Rosenberger v. Gibson, 165 Mo. 16; Hajek v. Bohemian, etc., Society, 66 Mo. App. 568; Gamasche v. Smythe, 60 Mo. App. 161. But the fault with defendant's contention is, that this is not a substitution or constructive service. But, on the contrary, actual personal service on the corporation itself. The alleged fault is that the return shows that it was served on defendant's station agent without showing that the president or *other* chief officer of defendant was not found in the county. The return recites that, the "president or chief officer" could not be found in the county, leaving out the word "other." However, the service was regular. Section 995, Revised Statutes 1899, was amended by the Legislature by an act approved March 23, 1903. The section thus amended uses the words, "president or other chief of-

ficer'' and ''president or chief officer'' as synonimous terms. In fact, they mean one and the same thing. The object of the statute is to have service on the chief officer whether he be president or some other chief officer, and if the president or a chief officer is not found in the county there is no other chief officer upon whom service can be had.

It is further contended that the judgment is void for want of jurisdiction over defendant, viz.: Because the petition filed instituted a suit against the ''Quincy, Omaha & Kansas City Railroad'' and the summons was also so designated and directed, while the sheriff's return shows that he summoned the ''Quincy, Omaha & Kansas City Railroad Company'' against which the judgment was rendered. If there is any difference between the ''Quincy, Omaha & Kansas City Railroad'' and the ''Quincy, Omaha & Kansas City Railroad Company,'' the defendant against whom judgment was rendered is not in a condition to complain for it is not in court as the writ of error was sued out in the name of the former, against whom there is no judgment. If the theory of plaintiff is correct, we must dismiss the writ because the judgment in controversy is against another and different party. The controversy should end at once as we have no such record as the writ calls for.

It is not, however, out of place to call attention to section 672, Revised Statutes 1899, which provides that for imperfections of the kind under consideration no judgment shall be set aside. All such imperfections may be cured in the trial or appellate court. Section 673, idem.

It is therefore ordered that the writ of summons and petition stand and be amended so as to read as against the Quincy, Omaha & Kansas City Railroad Company, and that the cause be affirmed. All concur.