**Mina M. SLAVENS, Respondent,**

v.

**WILLIAM C. HAAS COMPANY, INC., a corporation, and William C. Haas, d/b/a William C. Haas Company, Appellants.**

**No. KCD 29348.**

Missouri Court of Appeals, Kansas City District.

Feb. 27, 1978.

Charles C. Shafer, Jr., Kansas City, for appellants.

Douglas N. Merritt, Kansas City, for respondent.

Before SHANGLER, P. J., SOMERVILLE, J., and MASON, Special Judge.

PER CURIAM:

Our review of this court tried case is as controlled by Rule 73.01, V.A.M.R., and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We are to affirm the judgment unless there is no substantial evidence to support it or it is against the weight of the evidence or it erroneously declares or applies the law, *McGee v. St. Francois County Savings and Loan Association*, 559 S.W.2d 184 (Mo. banc 1977).

We will set forth the evidence most favorable to the judgment which focuses on the three allegations of error urged by appellants which are that the respondent (1) did not request her delinquent wages from her "foreman or keeper of time" as required by Section 290.110; (2) that plaintiff was not employed at a definite wage so as to come under the protection of that statutory section; and (3) plaintiff did not prove which of the named defendants was her employer. As appellant relies most heavily

on the last point, we will discuss them in inverse order.

The named defendants are William C. Haas Company, Inc., a corporation, and William C. Haas, d/b/a William C. Haas Company. Neither defendant filed an answer or attacked the petition. Both appeared in court by their single attorney and defended. Respondent testified she began her employment with W. C. Haas Company Realtors in February or March, 1975, as a cleaning lady at the Hidden Valley Apartments located in southern Jackson County. She also offered, without objections, photocopies of two of her paychecks which were written on the account of The William C. Haas Company Realtors. Photocopies of her 1975 Wage and Tax Statement declared the employer to be Hidden Valley Associates c/o The William C. Haas Co. The 1976 Wage and Tax Statement declared the employer to be William C. Haas & Co., Inc. The legal structure, if any, of these similar names was not shown, except as may be inferred from those names. Called as respondent's witness, Robert W. Haas, on cross examination, established that the true employer was William C. Haas Realty Management, a Missouri corporation. He explained The William C. Haas Company Realtors was merely a fiduciary holding trust funds for the owners of the apartment complex. No motion was made to conform the pleadings to the evidence, Rule 55.33, V.A.M.R., nor was any objection voiced to the reception of this evidence. That rule mandates that the pleadings are deemed amended to conform to the admitted evidence though no motion to amend be made, *Condos v. Associated Transports, Inc.*, 453 S.W.2d 682[11] (Mo.App.1970), and cases there cited. Such amendment can be made in this court, Rule 74.31, V.A.M.R.; *Condos, supra.*

In *Green v. Strother*, 201 Mo.App. 418, 212 S.W. 399 (1919), quoting from *Parry v. Woodson*, 33 Mo. 347, 348 (1863), it is stated:

"A name is a means of identity; but the change of the name or the application of a wrong name does not change the thing identified. It is not the name that is sued, but the person to whom it is applied. Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fail to appear, or, appearing, fail to object that he is sued by the wrong name, and judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name. The use of the right name is every way preferable, since without it as a means of identification the evidence of the identity of the person sued may in process of time become lost; and hence the propriety of the amendment in this case; but so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name."

In *Brassfield v. Quincy, O. & K.C.R. Co.*, 109 Mo.App. 710, 83 S.W. 1032 (1904); and *State ex rel. Ziegenhein v. Barr*, 143 Mo. 209, 44 S.W. 1045 (1898), the defendant was sued in an incorrect name and the judgment was affirmed with the identities of the defendants corrected. Rule 74.30 provides, in part, that a judgment will not be reversed, impaired or in any way affected by reason of any mistake in the name of any party. In this case judgment was rendered against both named defendants. The evidence is clear that respondent was employed by one of the entities maintained to manage the apartment complex. That entity was identified by Mr. Haas as William C. Haas Realty Management, a Missouri corporation. It is without dispute in the evidence, and, in fact, admitted, that respondent is entitled to $127.50. The only defense offered was that respondent should be paid by the successor management company. This defense is totally without merit as respondent is seeking compensation for services rendered during the pay period ending January 31, 1976, the date the management contract of William C. Haas Real-

ty Management was terminated. That legal entity is, therefore, obligated to pay that compensation. Appellants' third point is overruled.

Ms. Slavens was paid on the basis of $15.00 for a complete cleaning of an apartment unit and $7.50 for a partial cleaning. She was paid on the 15th and the last day of each month and, admittedly, her earnings varied each pay period depending upon how many apartment units she cleaned and whether she did a complete or partial cleaning job. Her pay check for the period ending December 31, 1975, after deductions for income and F.I.C.A. taxes, was $107.75. Her net income for the preceding pay period ending December 15, 1975, was $163.27. From the 1976 Wage and Tax Statement we glean that her net income for the pay period ending January 15, 1976, was $110.44. By a work order dated January 15, 1976, signed by Joan Bruce, Ms. Slavens' immediate supervisor, respondent was directed to fully clean eight apartments and to partially clean one apartment unit for a gross compensation of $127.50. Not being paid this amount, on January 31, 1976, she called the office of her employer and talked with Robert Haas who admitted the indebtedness but refused to pay for the reason above delineated. The petition was filed in the Magistrate Court on March 29, 1976, seeking wages for $127.50, plus 60 days' wages of $900.00 pursuant to Section 290.-110, Laws of 1972. Respondent prevailed in both the Magistrate and Circuit Courts, the latter court entering judgment for $127.50 actual damages and $900.00 punitive damages. Section 290.110 declares:

> "Whenever any person, firm or corporation doing business in this state shall discharge, with or without cause, or refuse to further employ any servant or employee thereof, the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of the discharge or refusal to longer employ and the servant or employee may request in writing of his foreman or the keeper of his time to have the money due him, or a valid check

therefor, sent to any station or office where a regular agent is kept; and if the money or a valid check therefor, does not reach the station or office within seven days from the date it is so requested, then as a penalty for such nonpayment the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid; provided, such wages shall not continue more than sixty days. This section shall not apply in the case of an employee whose remuneration for work is based primarily on commissions and whose duties include collection of accounts, care of a stock or merchandise and similar activities and where an audit is necessary or customary in order to determine the net amount due."

Being a penal statute, it must be strictly construed, *Caviness v. Andes & Roberts Brothers Const. Co.*, 508 S.W.2d 253 (Mo.App.1974); *Lotz v. Missouri Distributing Company*, 387 S.W.2d 179 (Mo.App. 1965); *Quinn v. T. M. Sayman Products Co.*, 296 S.W. 198 (Mo.App.1927). We must determine whether respondent's method of compensation can be considered "wages." Counsel have not cited, nor has our own independent research discovered, a case with a comparable factual situation. It must be remembered that respondent's income varied by pay period and was totally dependent upon the number of apartment units she cleaned. She did not receive an hourly or fixed wage as in *McLaurin v. Frisella Moving and Storage Company*, 355 S.W.2d 360 (Mo.App.1962). Her income was computed by the units cleaned times the agreed rate. If she was not ordered to clean any units, she received no pay.

In *Lotz, supra*, the plaintiff sought and recovered wages and credits due him as of the date of his discharge and also received judgment for $900.00 for 60 days wages following the date of his discharge. In that case plaintiff was a route commission salesman and his income varied considerably based upon his volume of sales, the price for which he sold the merchandise and other factors. In reversing the judgment for

$900.00, this Court held that Lotz's method of compensation was "not within the purview or intendment of Section 290.110," l.c. 185. See also *Brackett v. Easton Boot and Shoe Company,* 388 S.W.2d 842 (Mo.1965); *Monterosso v. St. Louis Globe-Democrat Publishing Co.,* 368 S.W.2d 481 (Mo.1963); and *Maxey v. General Electric Company,* 382 S.W.2d 67 (Mo.App.1964), which hold that claims for vacation pay and sick leave pay are likewise not within the purview and intendment of Section 290.110. In this case respondent had a "contract rate" of $15.00 for a complete cleaning and $7.50 for a partial cleaning, but there is no evidence that she was guaranteed a fixed number of units to clean per pay period or that she received a minimum remuneration per pay period. Construing the language of the statute, as guided by the cited cases, we are constrained to hold that respondent's method of compensation does not bring her within the purview and intendment of Section 290.110, *Lotz, supra,* and the trial court erroneously applied the law in rendering judgment in respondent's favor for $900.00. Appellants' second point is meritorious.

 There is another reason why respondent cannot invoke the aid of Section 290.110 to sustain the $900.00 judgment. The transcript informs us that respondent's lawyer directed a letter to the president of W. C. Haas Company. However, that letter was not offered or received in evidence. Neither this Court, nor the trial court, can speculate as to the contents of that letter or the date it was mailed, or that it was mailed. The mentioned statutory section requires that the employee demand in writing the unpaid wages so as to obtain the benefits therein enumerated, *Williams v. Gideon-Anderson Lumber Co.,* 224 S.W. 51 (Mo.App.1920). That evidence not having been adduced, the $900.00 judgment (incorrectly labeled as punitive damages) does not have evidentiary support and must be reversed, *Murphy v. Carron, supra.* It is, therefore, unnecessary for us to precisely rule appellants' first point.

The judgment granting respondent actual damages in the sum of $127.50 and punitive damages in the sum of $900.00 against the defendants, William C. Haas Company, Inc., a corporation, and William C. Haas, d/b/a William C. Haas Company, is reversed and the cause is remanded with directions to enter judgment in the sum of $127.50 against the true defendant, William C. Haas Realty Management, a Missouri corporation, *Brassfield, supra; State ex rel. Ziegenhein, supra.*