**Ilene WORTH, Plaintiff-Appellant,**

**v.**

**MONSANTO COMPANY, a corporation, Defendant-Respondent.**

**No. 13741.**

Missouri Court of Appeals, Southern District, Division Three.

Oct. 26, 1984.

C.H. Parsons, Jr., Parsons & Wilson, P.C., Dexter, for plaintiff-appellant.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, P.C., Cape Girardeau, for defendant-respondent.

GREENE, Judge.

Plaintiff, Ilene Worth, appeals from the judgment of the trial court granting Monsanto's motion for summary judgment on her petition brought under the Missouri Service Letter Statute, § 290.140.[1] Worth alleges on appeal that the trial court erred in granting the summary judgment for Monsanto because there was a genuine issue of material fact as to whether, under the laws of Missouri, she had made a request for a letter of dismissal.

A party is entitled to a summary judgment if the pleadings, depositions, admissions on file and any affidavits, taken together, show that 1) there is no genuine issue as to any material fact, and 2) the party requesting summary judgment is entitled to it as a matter of law. Rule 74.-04(c).

Our review of the record is made in the light most favorable to Worth, who is the party opposing Monsanto's motion. *Bishop v. United Missouri Bank of Carthage*, 647 S.W.2d 625, 626[2] (Mo.App. 1983). The record shows the following pertinent facts. On August 10, 1979, Worth's employment of over 15 years with Monsanto was terminated. On that same day, she talked with Chris Herrington, Regional Manager of Monsanto, in order to discover the reason for her termination. Herrington told Worth that this information would be contained in the Form S359–Change of Employee Status report being filled out in St. Louis. He advised Worth to contact the St. Louis personnel office to obtain the information she was requesting.

On August 14, Worth wrote to Nancy Curtin, Director of the Monsanto personnel office in St. Louis and requested, "Please send me my service record with Monsanto." She followed up with a second letter dated August 17, stating, "I called Chris Herrington, Friday Aug. 10 and he told me my S359 was filled out in St. Louis, would you please send me a copy." Worth never received an answer to either letter.

This suit was instituted on August 18, 1980, requesting both actual and punitive damages for Monsanto's failure to furnish Worth with a letter of dismissal.

The Missouri Service Letter Statute provides a terminated employee the right to receive a letter of dismissal from his corporate employer, if he so requests in writing. The service letter is required to set forth: 1) the nature and character of the service rendered by the employee; 2) the duration of his employment; and, 3) the reason for the termination of his employment with the corporation. § 290.140.

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

The issue before this court is whether, as a matter of law, Worth failed to make a sufficient request for a service letter. We review the lower court's grant of summary judgment in light of the principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). We also keep in mind that since the statute is penal in nature, it must be strictly construed, and that it is plaintiff's burden to bring herself within the terms of the statute. *Lyons v. St. Joseph Belt Ry. Co.*, 232 Mo.App. 575, 585, 84 S.W.2d 933, 940 [1, 2] (1935), cert. quashed, 341 Mo. 733, 108 S.W.2d 351 (1937).

In the sole Missouri case on this point, the supreme court held that a request for a letter of recommendation would not, as a matter of law, bring a plaintiff within the terms of the Service Letter Statute. *Carr v. Montgomery Ward & Co.*, 363 S.W.2d 571, 575 (Mo.1963). In that case, the plaintiff's letter to her former employer included a long recitation of her history with the company, her view of the problems resulting in her termination, and an emotional protest over her perceived ill treatment, in addition to the request for a letter of recommendation. The supreme court further opined that the plaintiff had neither directly or inferably requested "a letter timely stating (1) the nature and character of the service rendered by plaintiff, (2) the duration thereof and (3) the cause, if any, for her discharge." *Carr v. Montgomery Ward & Co.*, supra at 573–75.

In *Brink's Inc. v. Hoyt*, 179 F.2d 355 (8th Cir.1950), the Eighth Circuit affirmed a trial court's finding that the plaintiff had made a sufficient request for a letter of dismissal under the Missouri Service Letter Statute. There, plaintiff had requested "a letter of recommendation ... showing the time I worked for you, the kind of work I did, if satisfactory, and why I was fired." The court, in *Brinks*, noted that this request, which it deemed to be a request for a service letter couched in laymen's terms, was elucidated by verbal exchanges occurring between plaintiff and defendant's manager. *Brinks, Inc. v. Hoyt*, supra at 360.

Without expressing any view toward the merits of the instant case, we cannot agree with the finding that, as a matter of law, Worth failed to make a sufficient request for a service letter. We believe that the question of whether Worth's requests directly or inferably constituted a request for a letter of dismissal should be considered in light of the circumstances of this particular case by the trier of fact. See the second paragraph of MAI 23.08 (1981 Revision).

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

CROW, P.J., and HOGAN and TITUS, JJ., concur.