For the foregoing reasons, the judgment is affirmed.

All concur.

**Barbara COOK, Respondent,**

v.

**Thomas BURKE and Vera Lee Burke, Appellants.**

**No. WD 36295.**

Missouri Court of Appeals, Western District.

June 18, 1985.

M.A. Thalman, Platte City, for appellants.

Robert H. Shaw, Platte City, for respondent.

Before NUGENT, P.J., and PRITCHARD and CLARK, JJ.

PER CURIAM:

Barbara Cook brought suit against the Burkes, her former employers, seeking unpaid wages and the statutory penalty under § 290.110, Revised Statutes of Missouri, 1978, for delay in paying such wages. The Burkes filed a counterclaim for damages for breach of an employment agreement. The court entered judgment for plaintiff on her petition, awarding her $1,388.46 for wages due and $1,963 for the penalty. The court also granted judgment for plaintiff on the Burkes' counterclaim. The Burkes appeal and plaintiff has responded with a motion for damages for frivolous appeal. We affirm the judgment but deny the motion for damages.

In October, 1981, Mrs. Cook became manager of a bar owned by the Burkes. They agreed to pay her $5.00 per hour. She was to have regular working hours from ten in the morning to six in the evening and to work additional hours as needed. Her duties included working as daytime bartender, keeping the books, writing checks, supervising the bar and employees, and arranging for entertainment.

Before she was hired, the bar was operating at a loss. The Burkes informed her that if the business could not break even or make a profit, it would have to be closed. When the bar business came under her management, additional funds were invested but, it was soon again in financial difficulty. Various taxes went unpaid, and in May, 1982, Mrs. Cook began holding her payroll checks until there was enough money in the checking account to cover them. At trial, plaintiff testified that she took the tax notices to Mr. Burke as they became due because the money in the bar's bank account was insufficient to make the payments, and he agreed to take care of them.

She also stated that she had informed him on several occasions that she was holding her checks. Mr. Burke disputes her testimony regarding both matters.

Mrs. Cook was fired on August 5, 1982, and at that time she requested payment of eight payroll checks she had withheld from deposit. The checks dated from June 19th through August 5, totaled $1,388.46. Mr. Burke refused payment, and when Mrs. Cook deposited the checks they were returned marked "insufficient funds." Other attempts to cash the checks failed, and on August 30, 1982, Mrs. Cook made written demand for payment to both Mr. Burke and Mrs. Burke individually by certified letters. When they did not pay, she filed this action.

The Burkes filed an answer denying that any wages were due plaintiff and asserting that her employment was conditioned upon the profitable or break-even operation of the bar. They also filed a counterclaim for damages allegedly caused by Mrs. Cook's mismanagement of the business. They sought compensation for overdrafts on the checking account, unpaid business taxes and penalties and interest on late tax payments and filings.

On appeal the Burkes raise five points. They attack the award of back wages on the ground that Mrs. Cook's employment was conditioned upon her successful operation of the business. They claim that the penalty provision was inapplicable because Mrs. Cook failed to make written request of her foreman or the keeper of her time for payment of the back wages, because no wages earned at the contract rate were due to plaintiff, and because Mrs. Cook was not an "employee" within the meaning of the statute. They contest the adverse ruling on their counterclaim, contending that Mrs. Cook's continued operation of the bar and her failure to make certain tax payments and filings constituted a breach of the employment agreement and caused them to incur damages.

The Burkes' points on appeal lend themselves to consolidation as follows: First:

Was any compensation due Mrs. Cook to support the award of unpaid wages and the penalty award? Second: Did plaintiff satisfy the statutory notice requirements by making written demand for payment of the wages due upon her foreman or the keeper of her time? Third: Was plaintiff, as manager, an employee within the meaning of § 290.110? Finally, did plaintiff commit a breach of her contract by failing to close the bar when it became unprofitable and by failing to make timely tax payments and filings?

■ In making our review we will be guided by the following rules. In a court-tried case such as this, the appellate court will defer to the lower court on matters of credibility, and the judgment must be affirmed unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976) (en banc).

First, we will consider the Burkes' contention that the award of wages and the penalty award must fail because no wages were due Mrs. Cook. Indisputably, she received no payment for the last eight weeks of her employment, but the Burkes argue that since the bar was losing money no wages were due her. They claim that operation of the business on a profitable or break-even basis was a condition subsequent to Cook's continued employment.

■ Although defendants presented this question at trial, in entering its judgment the court made no explicit ruling regarding the existence of any such condition. Rule 73.01(a)(2) provides that all fact issues upon which no specific findings are made shall be considered as having been made in accordance with the result reached. The court found that Mrs. Cook was entitled to the full amount of the unpaid wages; therefore, it necessarily found that her employment and her concomitant right to wages had not been terminated by the occurrence of a condition subsequent.

The evidence in the record is sufficient to support the court's implicit finding. The evidence shows that plaintiff was employed at the rate of $5.00 per hour and that no conditions limited her right to receive payment for the hours worked. Her continued employment was, however, necessarily tied to the continued operation of the business. The thrust of the Burkes' argument then is that plaintiff was charged with the responsibility of closing the bar, thereby terminating her own employment, if the bar was unable to meet its expenses. This argument implies that plaintiff should not be permitted to benefit by receiving wages for the time by which she is alleged to have improperly extended her job. Although the record clearly shows that the business was to be closed if it could not become self-supporting, the parties dispute who was to be responsible for closing an unprofitable operation. Mr. Burke testified that he told Mrs. Cook to close the bar if it was losing money; she testified that Mr. Burke said that he would close the business if it became unprofitable. This is another factual issue upon which the trial court made no explicit finding, therefore, pursuant to Rule 73.01(a)(2) we conclude that the court believed plaintiff's account. We defer to the trial court's determination as to credibility.

The Burkes next challenge the penalty award asserting that plaintiff failed to satisfy the notice provision of § 290.110. The statute provides that unpaid wages of a discharged employee become due and payable on the day of discharge. It further provides for the imposition of a penalty if payment of such wages is not made available within seven days of the employee's written request directed to "his foreman or the keeper of his time" for payment. Plaintiff sent written requests for payment to both of the Burkes. They claim that they were neither her foreman nor her time keeper and that, therefore, she did not meet the statutory notice requirement.

The evidence shows that Mrs. Cook supervised the other bar employees and that she kept the employees' time records including her own. Thus, during her employment she acted as both foreman and time-keeper for the business.

Upon her discharge as bar manager, however, she also ceased to function in those roles. The evidence shows that the Burkes (Mrs. Burke in particular) succeeded Mrs. Cook in managing the business, therefore, they (or at least Mrs. Burke) became the bar's foreman and timekeeper.

■ A final question remains: Were they Mrs. Cook's foreman and timekeeper within the meaning of the statute? The provision under consideration is a penal statute, and therefore, it must be strictly construed. *Slavens v. William C. Haas Co., Inc.*, 563 S.W.2d 157, 160 (Mo.App. 1978). Nevertheless, the primary purpose of all statutory construction is to ascertain the intent of the legislature, and the rule of strict construction does not require such a strained or narrow interpretation of the language as to defeat that intent. *State ex rel. Schwab v. Riley*, 417 S.W.2d 1, 4 (Mo. 1967) (en banc).

■ The statute requires that notice be given to the employee's foreman or time-keeper. The statute need not be so rigidly construed as to require notice to a particular individual rather than to the individual then serving in a particular position. The more rigid interpretation would have unreasonably harsh results. If an employee with unpaid wages is discharged and that person's foreman and timekeeper are also terminated before they are served with notice of the employee's claim, we are confident that the legislature did not intend that such an employee either demand payment from a person no longer working for the company or be denied a remedy. The legislative intent in requiring notice to the employee's foreman or timekeeper may more logically be read to require notice to the person or persons functioning in those capacities at that time. The requirement's purpose is to ensure that demand for payment is made upon someone in a position to recognize and deal with the situation in a timely fashion. We conclude that notice to the Burkes as Mrs. Cook's successors was proper.

The final challenge to the penalty award is directed to Mrs. Cook's classification as an employee within the meaning of the statute. The Burkes claim that her position as manager removed her from the category intended to be benefited from the penalty provision. We do not agree.

■ The Burkes have not cited any relevant authority to support their argument. Our own research has revealed only one Missouri case near the point, but that case is inapposite. This court in *Durant v. Industrial Products Manufacturing Co.*, 235 S.W.2d 574 (Mo.App.1951), found the penalty provision to be inapplicable to a plaintiff who was a stockholder and an elected director and treasurer serving as the technical director of the defendant corporation. There the plaintiff who was serving in an elected position and was apparently in de facto control as an officer of a corporation in which he had an ownership interest, was unsuccessful in his bid for re-election. Here, Mrs. Cook was discharged from her position of manager and bartender in a business in which she had no ownership and no share in the profits. Although she was in control of day-to-day operations, she was not shown to have any real authority or discretion to affect the general policy of the business. On the contrary, the evidence showed that the Burkes had and exercised the right to direct her in the operation of the bar and on one occasion directed her not to rehire a former employee. She complied with the direction.

■ Finally, we examine the Burkes' contention that the trial court erred in failing to find Mrs. Cook liable for certain business expenses (the amount by which the checking account was overdrawn, accrued employer taxes, and penalties and interest charges on late tax payments and filings) which they claim are attributable to her wrongful continuation of the business. They argue that she was given the responsibility of closing the bar if it could not become self-supporting and that she concealed the true state of the bar's financial condition. These matters, upon which the evidence conflicted, were resolved by the

trial court against the Burkes. We reiterate that we will not disturb the trial court's findings on factual issues. In addition, we note that the debts, represented by the insufficient funds checks and the unpaid taxes were ordinary business expenses properly charged to the bar. Consequently, the Burkes are not entitled to recover the amounts incurred in business and tax expenses.

Additional consideration has been given to their right to recover for the various penalties and interest charges resulting from late tax payments and filings. That issue also turns on witness credibility, and the evidence was that Mr. Burke had accepted the responsibility of making such payments. The trial court did not err in refusing to award the Burkes damages on their counterclaim.

The judgment was supported by the evidence, was not against the weight of the evidence and did not erroneously declare or apply the law. Accordingly, we affirm the judgment. Rule 73.01; *Murphy v. Carron, supra.*

We have considered Cook's motion for damages for frivolous appeal that was taken with the case, and now deny it.