**Celia Ann TALBERT, Plaintiff,**

v.

**SAFEWAY STORES, INC., Defendant.**

**No. 83–0777–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

Jan. 12, 1987.

**1564**

Thomas H. Farnum, Armitage & Farnum, Marian M. Moffat, Kansas City, Mo., for plaintiff.

James L. Whitacre, James G. Baker, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

BARTLETT, District Judge.

In Count IV of her third amended complaint, plaintiff seeks punitive damages for defendant's alleged failure to issue a timely service letter pursuant to the Missouri Service Letter Statute. On September 15, 1986, defendant filed a motion to dismiss or, in the alternative, for summary judgment on plaintiff's punitive damage claim. Defendant asserts that under Mo.Rev.Stat. § 290.140, revised in 1982, punitive damages are not available for an employer's failure to issue a properly requested service letter within the statutorily prescribed time of 45 days. In her response, plaintiff argues that an employer who issues an untimely letter has failed to issue the requested letter and is therefore potentially liable for punitive damages.

Although the motion is said to be a motion to dismiss or a motion for summary judgment, no facts outside the complaint were presented in support of the motion. Therefore, it will be treated as only a motion to dismiss.

A motion to dismiss is an attack on the legal sufficiency of the complaint. Therefore, the Court must accept the allegations of the pleading as true. *Hishon v. King &*

*Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

The following factual allegations in plaintiff's complaint are accepted as true for the purpose of ruling this motion:

1) plaintiff was employed by defendant in Missouri for more than 90 days;

2) at all times relevant to this action, defendant was a corporation doing business in Missouri and employed seven or more persons in Missouri;

3) on or about June 11, 1985, plaintiff was informed that her employment had been terminated;

4) on or about June 15, 1985, plaintiff sent defendant a written request by certified mail for the issuance of a service letter in accordance with Mo.Rev.Stat. § 290.140;

5) defendant received plaintiff's service letter request on June 17, 1985;

6) defendant failed to issue a service letter to plaintiff within 45 days from the date it received plaintiff's request.

The Missouri Service Letter Statute, § 290.140, provides:

1. Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, requests in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute, it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character

of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service.

2. Any corporation which violates the provisions of subsection 1 of this section shall be liable for compensatory but not punitive damages but in the event that the evidence establishes that the employer did not issue the requested letter, said employer may be liable for nominal and punitive damages; but no award of punitive damage under this section shall be based upon the content of any such letter.

No Missouri or federal court has decided whether the revised statute allows a plaintiff to claim punitive damages from an employer who does not issue a properly requested letter within 45 days of receipt of the request. Specifically, the issue is whether the untimely issuance of a service letter constitutes a failure to issue a service letter thereby permitting a claim for punitive damages.

The Missouri General Assembly did not explain what would constitute a failure "to issue the requested letter." There are four possible meanings to the phrase "the employer did not issue the requested letter:" 1) the employer failed to issue a letter to the day of trial; 2) the employer issued a letter that purported to be a service letter but, in fact, was not; 3) the employer failed to issue a letter within the 45 day time period; and 4) the employer unreasonably delayed in issuing a letter. *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 n. 6 (8th Cir.1985).

Defendant argues that the service letter statute is a penal statute and, therefore, must be strictly construed. Plaintiff contends that even if the statute is penal in nature, strict construction does not dictate that punitive damages are not available for the late issuance of a service letter.

■ The Missouri Service Letter Statute is penal in nature and, therefore, must be strictly construed. *Worth v. Monsanto Co.*, 680 S.W.2d 379, 381 (Mo.Ct.App.1984) and *Walker v. St. Joseph Belt Railway*

*Co.*, 102 S.W.2d 718, 724 (Mo.Ct.App.1937). Even so, the Court must give the statute "a reasonable application in view of its objects and purposes and evils to be remedied by it." *Walker*, 102 S.W.2d at 724. "[T]he primary purpose of all statutory construction is to ascertain the intent of the legislature, and the rule of strict construction does not require such a strained or narrow interpretation of the language as to defeat that intent." *Cook v. Burke*, 693 S.W.2d 857, 861 (Mo.Ct.App.1985). The intent of the legislature "is to be determined from the language of the statute itself." *State v. Sweeney*, 701 S.W.2d 420, 423 (Mo. 1985) (en banc). "[T]he context and related clauses of a statute are to be considered when construing a particular portion of the statute." *State v. Campbell*, 564 S.W.2d 867, 869 (Mo.1978) (en banc). Further, in ascertaining legislative intent, "the provisions of the entire legislative act must be construed together, and if reasonably possible, all the provisions must be harmonized." *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo.1985) (en banc). Finally, changes and modifications in the legislation should be considered in determining legislative intent. *State ex rel. LeBeau v. Kelly*, 697 S.W.2d 312, 314 (Mo.Ct.App. 1985).

■ The purpose of the Service Letter Statute as initially enacted was "to allay the practice ... of pretextual disemployment of workers." *Newman v. Greater Kansas City Baptist & Community Hospital Association*, 604 S.W.2d 619, 621 (Mo.Ct.App.1980). The statute was designed to protect both the public and employees of corporations by assuring "that a worker's ability to sell his skills to a potential employer would not be hampered by a previous employer's refusal to truthfully describe his work history ... and to enable potential employers 'to ascertain the degree of the intelligence ... honesty, capacity and efficiency' of job applicants." *Rimmer v. Colt Industries Operating Corp.*, 656 F.2d 323, 328 (8th Cir.1981) (quoting *Cheek v. Prudential Ins. Co.*, 192 S.W. 387, 389 (Mo.1916)).

The statute in existence before 1982 did not specify the time limits within which an employer must provide a service letter after it was requested. "The Courts of this state have determined that an employer must reply within a 'reasonable time' ... and reasonableness should be measured by the facts of each case." *Hanch v. K.F.C. National Management Corp.*, 615 S.W.2d 28, 34 (Mo.1981) (en banc). "When a reasonable length of time expires a cause of action arises in favor of the employee entitling the employee to judgment against the employer for failure to issue a letter for the recovery of nominal damages at the very least, or actual damages where substantial damages may be proved, and for punitive damages in proper cases, no matter whether a letter is subsequently issued or not and regardless of the truth or falsity of the reason for dismissal assigned in any subsequent letter which may be issued." *Heuer v. John R. Thompson Co.*, 251 S.W.2d 980, 987 (Mo.Ct.App.1952).

In the 1982 revision of the Service Letter Statute, the reasonable time standard was replaced by a specific 45 day period in which the employer must issue the requested letter. Therefore, under *Heuer*, an employee is entitled to judgment against the employer "for failure to issue a letter" if the letter is not issued within 45 days.

Furthermore, reading both subsections 1 and 2 of § 290.140 together, the term "requested letter" in subsection 2 is a letter complying with the requirements in subsection 1, i.e., a letter that contains certain information and is issued within 45 days of when it is requested. Therefore, an employer who issues a service letter more than 45 days after receipt of the employee's proper request has failed to issue "the requested letter" because the statute requires it to be issued within 45 days. To conclude otherwise would result in no penalty being imposed on an employer for a late letter or no penalty being assessed until the letter was unreasonably late. The reasonableness standard was specifically abandoned by the 1982 amendment. Therefore, the only way to implement the 1982 amendment is to conclude that if an employer issues a letter more than 45 days after it is requested, the employer has failed to issue a service letter.

Accordingly, it is hereby ORDERED that defendant's motion to dismiss plaintiff's claim for punitive damages for late issuance of a service letter is denied.