Eddie **VICE**, Millie Garrett, Suzanne Lawson, Leona De Volld, Debbie Hess, Kathy Rosencrants, Jo Buol, Jami L. Roberts, Eric Thomasson & George Creason, Respondents,

v.

Virgil **THURSTON**, Appellant.

No. WD 42798.

Missouri Court of Appeals, Western District.

July 24, 1990.

David A. Johnston, Columbia, for appellant.

John C. Slavin of Farr & Hickman, Kirksville, for respondents.

Before TURNAGE, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a civil action for wages claimed due pursuant to both an employment contract and under § 290.110, RSMo 1986. The judgment is affirmed.

Appellant presents three points which, in summary, charge the trial court erred (1) in entering judgment because the court lacked subject matter jurisdiction; (2) in concluding he (appellant) was liable as an undisclosed principal; and (3) in finding wages due pursuant to and under § 290.110, RSMo 1986.

It is noted, at the outset, that this was a case tried to the court without a jury. In addition, this court was not provided a transcript of the proceedings and the record on appeal consists solely of the legal file. The following factual summary has been compiled from the legal file and the factual account expressed in the parties' briefs.

Appellant Virgil Thurston was, at the time in question, president of Baker–Thurston, Inc., which was, at all times herein, a Missouri Corporation (within the Fictitious Name Act) in good standing. Following incorporation, Baker–Thurston, Inc. leased a portion of the Travellers Hotel in Kirksville, Missouri to operate a restaurant which was called, "The Missourian Family Restaurant." In preparation of the restaurant opening, a local newspaper article appeared concerning the re-opening of a restaurant at the Travellers Hotel, and respondents were hired for various employment positions.

The venture was unsuccessful, resulting in the filing of voluntary bankruptcy proceedings which occurred on March 15, 1988. A final bankruptcy decree was issued on September 14, 1988, following a finding there were no distributable assets.

On April 25, 1988, during the pendency of the bankruptcy proceedings, respondents filed this action. Their claims were based upon various wage amounts claimed due by each respondent, and each respondent sought a penalty for nonpayment of wages pursuant to § 290.110, RSMo 1986.

Both parties filed a motion for summary judgment with accompanying supporting documents and affidavits. The trial court denied both motions and the cause was tried to the court. Judgment in the total sum of $9,327.40 was entered in favor of respondents. This appeal followed the overruling of post-trial motions.

■ Under point (1), appellants charges that by post-trial motion, the trial court lacked jurisdiction due to the provisions of former § 478.225.2(1), RSMo 1986 [1], the applicable portion of which reads as follows:

2. Each associate circuit judge within the counties or city of St. Louis for which he is an associate circuit judge may hear and determine the following cases or classes of cases including any equitable issues and relief incident thereto:

(1) Except as otherwise provided by law, all civil actions and proceedings for the recovery of money, whether such ac-

---

1. Section 478.225.2(1) was repealed in 1989. Refer now to § 517.011, RSMo 1986. The revision did not change the monetary limitations for jurisdiction for the Associate Circuit Court.

tion be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interest and costs, does not exceed fifteen thousand dollars;

Appellant also refers this court to Missouri Supreme Court Rule 55.27(g)(3), which prescribes dismissal of an action when warranted by lack of jurisdiction.

Appellant predicates the challenge to the trial court's jurisdiction by referring to the amount claimed in respondents' petition. He argues that the claimed amount exceeds the statutory limitations for jurisdiction ($15,000.00) by the sum of $98.20. As observed *infra*, while appellant is correct in the mathematical calculation, the disposition of this issue does not turn upon that calculation.

Respondents assert the trial court had jurisdiction because their petition does not allege they were paid every two weeks, nor does their petition allege the wages due were for a period prior to the actual closing of the restaurant. Respondents therefore conclude without evidence there was no way to discern the last pay period and thus, their petition was within the jurisdictional limitation prescribed by the statute. As observed *infra*, respondents are incorrect in their assertions, but their error is of no matter due to the disposition of this issue.

Appellant argues that proper jurisdiction is made from the demand asserted in a plaintiff's petition. If that were the only matter herein, appellant would prevail. Appellant refers this court to *Sutherland v. Metropolitan Life Insurance Co.*, 99 S.W.2d 111, 113 (Mo.App.1936) and *Wade v. Markham*, 106 S.W.2d 939 (Mo.App.1937).

Respondents contend that since their petition did not specify any two-week pay period, it does not fall under the rule in *Sutherland, supra*. This argument fails in light of what the legal file discloses prior to trial. In support of the motion for summary judgment, appellant filed an affidavit and attached thereto was an exhibit which clearly reflects the payroll checks issued to respondents. This disclosure, without question, reflects pay periods of each two weeks. The claim of bi-weekly wage payments by appellant went unchallenged by respondents. It is equally clear that the trial court was aware of the bi-weekly payments. The election or failure of respondents to challenge the claim of bi-weekly wage payments amounted to an admission of the claim to which respondents were bound. *Hurwitz v. Kohm*, 516 S.W.2d 33, 36 (Mo.App.1974).

As an added note, respondents' claim that evidence was necessary to prove jurisdiction is in error under the rule in *Sutherland, supra*. Further, the fact that the trial court entered judgment for less than the jurisdictional limitation is not a determining factor either. The result is that respondents' petition, on its face, exceeded the jurisdictional limitation prescribed by the former § 478.225.2(1). That fact, however, is not dispositive of the matter.

■ The record discloses that respondents filed this proceeding directly in the Associate Circuit Division of the Circuit Court of Randolph County on April 25, 1988. The initial Associate Circuit Judge recused himself. At this point, the matter was brought to the attention of the presiding circuit judge of the 14th Judicial Circuit. On May 6, 1988, that judge issued the following order:

IN THE FOURTEENTH JUDICIAL CIRCUIT OF MISSOURI

In the Matter of:

Cause docket numbered CV588–0270AC now pending in Division Two of the Circuit Court of Randolph County, Missouri and styled:

Eddie Vice, et al      Plaintiffs
vs      CV588–0270AC
Virgil Thurston      Defendant

## ASSIGNMENT ORDER

The Honorable James M. Cooksey, Associate Circuit Judge of Randolph County, Missouri, having recused himself in the within cause, it is ordered that the within cause be assigned for hearing and determination to the Honorable Ralph Jaynes, Associate Circuit Judge of Howard County, Missouri.

May 6, 1988

Channing Blaeuer
Presiding Circuit Judge

Aside from a passing comment that the foregoing assignment was not in compliance with § 478.240, RSMo 1986 by appellant (respondents did not even confront this contention), there is nothing claimed or any reasoning offered as to why there was any impropriety with the case assignment.

This court does not agree with appellant's assertion that the assignment of this case was not made pursuant to § 478.240.

When the initial associate circuit judge recused himself, this matter was before the presiding circuit judge. By the above order, this case was assigned for determination by the presiding circuit judge. As a result of that assignment order, the entire issue of statutory limitation under § 478.225.2(1) was resolved. The assignment order was, in every way, proper and within the provisions of § 478.240.2, RSMo 1986. *See State ex rel. McNaul v. Bonacker*, 711 S.W.2d 566, 569 (Mo.App.1986) for a good discussion of the question, and although not a case with an identical factual posture, it nonetheless rules correctly that associate judges may hear cases under special circumstances and "one such circumstance being by assignment per § 478.240.2 ..." Point (1) is ruled against appellant.

■ Under point (2), appellant argues the trial court erred in finding that he was an undisclosed principal and thus liable to respondents.

It is appellant's position that his obligation of disclosure as an agent for Baker–Thurston, Inc. was satisfied by the publication of the newspaper article in the local newspaper. Appellant asserts such an article was tantamount to a disclosure of the corporation as the principal, to reasonable persons. Appellant further attacks the trial court for not having found his testimony credible on this question. Appellant further asserts that respondents were paid with checks drawn on the Baker–Thurston, Inc. account.

In the first instance, this case is subject to review under Rule 73.01 and the case of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The issue of disclosure was disputed. Appellant contends that the news article, his notification to employees that they were employed by a corporation, and the payroll checks established proper disclosure. In contrast, respondents stated they had been hired by appellant, worked for appellant, and were not made aware of the corporate matter until after the restaurant closed. There appears to be evidence to support both parties' contentions and under these circumstances, this court defers the factual decision and the credibility of the issue to the trial court. *Murphy v. Carron, supra.*

■ Appellant incorrectly asserts that the news article per se satisfied the disclosure that he was an agent for Baker–Thur-

ston, Inc. Our courts have ruled that an agent has an affirmative duty to provide sufficient information to third parties that sufficiently identifies or discloses the agency relationship. *David v. Shippy*, 684 S.W.2d 586 (Mo.App.1985). Also, the contention that proper disclosure was made via the payroll checks has been previously found to be without merit. *Grote Meat Co. v. Goldenberg*, 735 S.W.2d 379 (Mo.App. 1987).

There was no error by the trial court in finding and holding that appellant was, in fact, an undisclosed principal of Baker–Thurston, Inc.

Point (2) is ruled against appellant.

■ Under point (3), appellant charges the trial court erred in holding that § 290.110, RSMo 1986 was applicable to the present case and that appellant was liable under that statute because respondents' income was based primarily upon commissions. Section 290.110, RSMo 1986 reads as follows:

**290.110. Payment due discharged employee—exceptions—penalty for delay**

Whenever any person, firm or corporation doing business in this state shall discharge, with or without cause, or refuse to further employ any servant or employee thereof, the unpaid wages of the servant or employee then earned at the contract rate, without abatement or deduction, shall be and become due and payable on the day of the discharge or refusal to longer employ and the servant or employee may request in writing of his foreman or the keeper of his time to have the money due him, or a valid check therefor, sent to any station or office where a regular agent is kept; and if the money or a valid check therefor, does not reach the station or office within seven days from the date it is so requested, then as a penalty for such nonpayment the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ, at the same rate until paid; provided, such

wages shall not continue more than sixty days. This section shall not apply in the case of an employee whose remuneration for work is based primarily on commissions and whose duties include collection of accounts, care of a stock or merchandise and similar activities and where an audit is necessary or customary in order to determine the net amount due.

As noted from the above cited section, there is an exception to the applicability of the provisions of § 290.110, to wit:

This section shall not apply in the case of an employee whose remuneration for work is based primarily on commissions and whose duties include collection of accounts, care of a stock or merchandise and similar activities and where an audit is necessary or customary in order to determine the net amount due.

Simply stated, appellant's argument under this point is that since *waitresses receive tips*, they fall under the exception.

Appellant's argument must fail for the following reasons: In the first instance, this court has nothing before it to determine the portion of respondents' income as represented by tips received from customers, and defers to the trial court on this factual issue. Secondly, there is no contention by either party that the payroll checks introduced into evidence represented any amount of customer tips and therefore, in fact, represented wages paid by the employer. Thirdly, there is nothing attending to the tips received from customers which calls for any audit as prescribed by the statute. The net effect herein is the typical situation where the employee is paid a fixed salary by the employer and that income is supplemented by a gratuity, if any, from the customer. Such a situation not only does not fall within the above statutory exception, but provides that respondents herein are employees within the meaning of the statute.

The cases of *Lotz v. Missouri Distributing Co.*, 387 S.W.2d 179 (Mo.App.1965) and *Slavens v. William C. Haas Co., Inc.*, 563

S.W.2d 157 (Mo.App.1978) cited by appellant do not control. *Lotz, supra,* was a case involving an employee who was on a commission income basis and as such was an employee within the exception. *Slavens, supra,* involved an employee without a basic salary who was paid solely upon the basis of the number of jobs completed for the employer. *Slavens* is also a case involving an employee within the exception. Neither case addressed the employer-employee situation as found herein. Those cases are distinguishable and clearly not applicable.

■ Section 290.110 clearly is a penal statute. When the General Assembly enacts legislation, it often becomes the task of courts to interpret the meaning of statutory language and the intent to be ascribed to that statutory language. *See Cook v. Burke,* 693 S.W.2d 857, 861 (Mo.App.1985).

This court, under the prescribed facts and circumstances herein, finds and rules that the wages paid respondents by appellant were not primarily commissions within the meaning of the statute. Further, as prescribed by the statute, for the exception to be applicable, there was no need for any audit herein to determine respondents' wages; and the tips, if any, received from customers do not bring respondents' wages within the statutory exception.

Point (3) is ruled against appellant.

The judgment is in all respects affirmed.

All concur.

