## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### January 21, 1921.

## THE PEOPLE EX REL. KEEGAN v. JOHN H. MEYER.

### (194 App. Div. 822.)

(1) OPERATING MOTOR VEHICLE WITHOUT LICENSE*—CONVICTION IMPROPER WHERE DEFENDANT HAD LICENSE THOUGH HE DID NOT EXHIBIT IT ON DEMAND OF OFFICER.

The conviction of the defendant of operating a motor vehicle without a license in violation of section 289 of the Highway Law was improper where it appeared that the defendant, who was driving an automobile bearing a Massachusetts license plate, had a New York operator's license on his person and an operator's button on his hat at the time the officer demanded that he exhibit his New York license.

(2) SAME—PRESUMPTION ARISING UNDER HIGHWAY LAW, SECTION 289, ON FAILURE TO EXHIBIT LICENSE OVERCOME BY UNCONTRADICTED EVIDENCE.

That part of section 289 of the Highway Law, by which the failure of an operator to exhibit his license on demand by an officer is made presumptive evidence that he is not licensed, is a rule of evidence merely, and the presumption which it affords was overcome by the uncontradicted evidence.

APPEAL by the defendant, John H. Meyer, from a judgment of a Court of Special Sessions of the City of New York, Borough of Brooklyn, Traffic Court, entered in the office of the clerk of said court on the 22d day of December, 1920, convicting him of operating a motor vehicle without a license.

*Albert W. Seaman,* for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

---

* See note, Vol. 28, 242.

JENKS, P. J.:

On December 15, 1920, the defendant drove a motor car in a street of the borough of Brooklyn and finally into a garage. There a police officer who had followed the defendant demanded exhibition of his operator's license from the state of New York. But the defendant showed only such a license from the state of Massachusetts. Thereupon the officer served a summons upon the defendant.

At trial by a Court of Special Sessions the defendant testified that the motor car at the time of the officer's demand bore a license from the state of Massachusetts, that he also had on his person at that time his operator's license from the state of New York and the operator's button prescribed by the New York state laws upon his hat. He admitted that he did not then show his operator's license from the state of New York. The record permits the inference that the defendant did not show his New York license to the officer because the motor car bore a Massachusetts license, and he did not fully understand the officer's demand. The defendant read in evidence his New York license, which had been issued to him on the first of the year 1920, and testified that he had had such a license or a similar license for the ten years immediately preceding. There was no evidence offered in contradiction, but the court convicted the defendant. The violation of section 289 of the Highway Law is a misdemeanor. (Highway Law, § 290, subd. 1, added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769, and Laws of 1918, chap. 549.)

The conviction concededly rests upon that part of section 289 of the Highway Law (added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769, and Laws of 1919, chap. 472) which prescribes: "§ 289. License of operators and chauffeurs; renewals. 1. * * * Failure by an operator or chauffeur to exhibit his license to any magistrate, motor vehicle inspector, police officer, constable or other competent authority, shall be presumptive evidence that said person is

6

not duly licensed under this article." The conviction cannot stand, as the learned district attorney with characteristic fairness concedes. The part of the statute quoted prescribes a rule of evidence only, and the presumption which it affords was overcome by this uncontradicted evidence.

The judgment is reversed and the defendant is discharged.

RICH, PUTNAM, BLACKMAR and KELLY, JJ., concur.

Judgment of conviction of the Court of Special Sessions reversed, and defendant discharged.