Weygandt, C. J.
 

 The operative facts in this case are not in dispute.
 

 The sole question of law here presented is whether under the provisions of Section 6296-14 (b), General Code, it constitutes a misdemeanor for an operator of a motor vehicle to fail to display an operator’s license, or furnish satisfactory proof that he has such
 
 *475
 
 license, upon demand of a peace officer. This section reads as follows:
 

 “(b) The operator or chauffeur of a motor vehicle shall display his license or furnish satisfactory proof that he has such license upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee may be involved. Failure to produce such license on demand, or to furnish satisfactory evidence that such person is duly licensed under this act, shall be
 
 prima facie
 
 evidence of his not having obtained such license.”
 

 It is the contention of the state that failure to display an operator’s license, or to furnish satisfactory proof of possession thereof, upon demand of a peace office, is an offense punishable by the general penalty provided by Section 6296-30, General Code.
 

 The defendant agrees that under the provisions of Section 6296-4, General Code, a non-exempted person is expressly prohibited from driving a motor vehicle upon a highway in this state unless he has been duly licensed, and that a violation thereof constitutes a misdemeanor punishable under Section 6296-30, supra. The state concedes that under Section 6296-14 (b) a driver is not required to display or produce his license upon demand, inasmuch as the statute definitely permits, as an alternative, that he may “furnish satisfactory evidence that” he is duly licensed. But-it is insisted that if he does neither, he is guilty of a misdemeanor, irrespective of whether he in fact has been licensed; and it is this contention that constitutes the crux of this controversy.
 

 The dispute arises by reason of a difference of opinion as to the significance of the last sentence of Section 6296-14 (b) which provides that “Failure to produce such license on demand, or to furnish satisfactory evidence that such person is duly licensed under this
 
 *476
 
 .act, shall be
 
 prima facie
 
 evidence of his not having •obtained such license.” The defendant maintains that this section itself specifically establishes the result or penalty of non-compliance therewith, and that hence there is no reason to infer an intention on the part of the G-eneral Assembly to provide a second result in the form of the penalty fixed by the general terms of Section 6296-30. This is the view adopted by the Court of Appeals; and after a study of the above-mentioned •sections this court has reached a similar conclusion. It is a cardinal principle of statutory construction that a specific provision shall prevail over one that is only .general. But in this instance it is unnecesary to rely upon so insecure a basis as mere inference, since by their own terms the general provisions of Section •6296-30 are made applicable “unless another penalty is in this act or by the laws of this state provided.” Section 6296-14 (b) does provide another penalty.
 

 Had this defendant been indicted for the offense of ■operating a motor vehicle upon a highway without having been duly licensed, his failure to produce his license or to furnish satisfactory evidence thereof would have constituted
 
 prima facie
 
 evidence of his guilt. In presenting his defense at the trial he could have rebutted this presumption by offering his license in evidence. But this is not the offense for which he was indicted.
 

 Finally, it is worthy of passing note that the so■callecl Uniform Motor Vehicle Operators’ and Chauffeurs’ License Act contains a provision requiring a ■driver to display his license upon the demand of a peace officer; and it expressly provides further that the production of a proper license at the trial shall ■constitute a defense to any charge with reference ■thereto. 11 Uniform Laws Annotated, 87.
 

 Possibly it should be added that judicial propriety
 
 *477
 
 of course precludes this court from expressing an opinion as to the wisdom or necessity of making a violation of Section 6296-14 (b) a misdemeanor. This •question of policy rests with the General Assembly in the exercise of its legislative power.
 

 The judgment of the Court of Appeals must be afJiimed.
 

 Judgment affirmed.
 

 Turner, Williams, Matthias, Hart and Zimmerman, •JJ., concur.
 

 Bell, J., not participating.