STATE of Missouri, Respondent,

v.

Richard CAMPBELL, Appellant.

No. 60190.

Supreme Court of Missouri,
En Banc.

April 14, 1978.

Rehearing Denied May 9, 1978.

Murray Stone, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

Appellant Richard Campbell was convicted in the Court of Criminal Correction of the City of St. Louis for failing to display a driver's license upon demand of a police officer. He was fined $5 plus court costs. The court of appeals, St. Louis district, affirmed his conviction. This court granted appellant's application for transfer. Art. 5, sec. 10, Mo.Const., as amended 1970.

The facts in this case were stipulated to by the parties. After appellant was involved in an automobile accident, a police officer asked to look at his driver's license. At this time appellant had a valid operator's license but did not display it to the officer because he did not have the license in his possession. The information charged that appellant "did unlawfully fail to exhibit an operator's license on demand of police officer contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State."

Appellant filed a brief in the court of appeals contending that it is not a violation of the law to fail to display a license upon demand of a police officer. The state, by letter to the clerk of the court of appeals, confessed error and indicated no brief would be filed. On March 8, 1977, the court of appeals issued an opinion which reversed the judgment, adopting appellant's theory. Subsequently, on March 18, 1977, the state moved for a rehearing for the reason that the correct statute under which appellant was convicted had not been brought to the court's attention. Although the court of appeals denied the motion for rehearing, it did withdraw the original opinion and, on April 5, 1977, a new opinion was issued adopting the position of the state and affirming the judgment of the trial court.

The statutes relevant to our discussion of the issues presented here read as follows:

Section 302.181, subsec. (3), RSMo Supp. 1973, provides: "The license issued shall be carried at all times by the holder thereof while driving a motor vehicle, and shall be displayed upon demand of any officer of the highway patrol, or any police officer or peace officer, or any other duly authorized person, for inspection when demand is made therefor. Failure of any chauffeur or operator of a motor vehicle to exhibit his license to any duly authorized officer shall be presumptive evidence that such person is not a duly licensed chauffeur or motor vehicle operator."

Section 302.020, RSMo 1969, provides: "(1) It shall be unlawful for any person . . . to: (2) Operate, other than as a chauffeur any motor vehicle, except farm tractor, upon any highway of this state unless he has a valid license as an operator under the provisions of this chapter . . ."

Section 302.220, RSMo 1969, provides: "It shall be unlawful for any person to display or to permit to be displayed, or to have in his possession, any chauffeur's license or motor vehicle operator's license knowing the same to be fictitious or to have been cancelled, suspended, revoked or altered; to lend to or knowingly permit the use of by another any chauffeur's license or motor vehicle operator's license issued to the person so lending or permitting the use thereof; to display or to represent as one's own any chauffeur's license or motor vehicle op-

erator's license not issued to the person so displaying the same, or fail or refuse to surrender to the clerk of any circuit, criminal, magistrate or municipal court, or the director, any chauffeur's license or motor vehicle operator's license which has been suspended, cancelled or revoked, as provided by law; to use a false or fictitious name or give a false or fictitious address on any application for a chauffeur's license or a motor vehicle operator's license, or any renewal or duplicate thereof, or knowingly to make a false statement, or knowingly to conceal a material fact, or otherwise commit a fraud in any such application; to authorize or consent to any motor vehicle owned by him or under his control to be driven by any person, when he has knowledge that such person has no legal right to do so, or for any person to drive any motor vehicle in violation of any of the provisions of this chapter; to employ as a chauffeur of a motor vehicle, with knowledge that such person has not complied with the provisions of this chapter, or whose license as a chauffeur has been revoked, or suspended, during the period of such suspension; *or who fails to produce his or her license upon demand of any person or persons authorized to make such demand.*" (Emphasis supplied.)

Section 302.340, RSMo 1969, provides: "Whenever in this chapter the doing of anything is required or is prohibited or is declared to be unlawful, any person who shall be convicted of a violation thereof shall be deemed guilty of a misdemeanor . . . ."

The court is presented first with the question of whether secs. 302.181, subsec. (3) and 302.020, make it unlawful to fail to present a driver's license on demand of a police officer. On this issue, the state confessed error. The state also did not argue this point on appeal to this court. As there seems to be a general consensus that the court of appeals properly decided this issue, this court adopts as its own that part of the opinion of the court of appeals set out below:

"There is no clear legislative intent that simple failure to produce a license on de-

mand under § 302.181(3), RSMo 1969, *supra,* is a crime. The purpose of § 302.181(3) is to assist in the enforcement of § 302.020 by providing a rule of evidence that failure to exhibit a license upon demand is 'presumptive evidence that such person is not a duly licensed chauffeur or motor vehicle operator.' *See People ex rel. [on Complaint of] Keegan v. Meyer,* 194 App.Div. 822, 186 N.Y.S. 434 (1921). In *Meyer, supra,* it was held that a statute similar to Missouri's § 302.181(3) prescribed a rule of evidence only. Again in *State v. Farren,* 140 Ohio St. 473, 45 N.E.2d 413 (1942), a similar statute was held to provide a result or penalty of its own and hence did not come under the general provisions of a misdemeanor statute. In *State v. Eaton,* 504 S.W.2d 12, 19 (Mo.1973), the court, although discussing these three statutes in connection with a probable cause for search and seizure question, stated that violation of § 302.020 under § 302.340 constituted a misdemeanor but the court did not say that violation of § 302.181(3) was a misdemeanor. *See generally,* 6 A.L.R.3d 506; 7 Am. Jur.2d § 98, pp. 668–69, § 126, pp. 686–87.

Failure to produce a license upon lawful demand would give the police probable cause to arrest a driver for a violation of § 302.020. *See State v. Eaton, supra* at 18–19[12]; *United States v. Mahanna,* 461 F.2d 1110, 1112–13[1] (8th Cir. 1972); *Rodgers v. United States,* 362 F.2d 358, 360–61[1] (8th Cir. 1966), cert. den., 385 U.S. 993 [87 S.Ct. 608, 17 L.Ed.2d 454]. It provides its own penalty or result in a presumptive rule of evidence to support a charge for violation of § 302.020 and such failure does not constitute a separate misdemeanor offense under § 302.181(3)."

The second question with which this court is presented is whether the appellant's conduct is proscribed by sec. 302.220, RSMo 1969, and made a misdemeanor by sec. 302.-340, RSMo 1969.

It is a well-settled rule of construction that the context and related clauses of a statute are to be considered when construing a particular portion of the statute. *State ex rel. Wright v. Carter,* 319

S.W.2d 596, 600 (Mo. banc 1958). *Hayes v. Hayes*, 363 Mo. 583, 252 S.W.2d 323, 325 (1952). The state contends that the words "or who fails to produce his or her license upon demand of any person or persons authorized to make such demand" as set out in sec. 302.220 make it unlawful for a motor vehicle operator to fail to display a driver's license upon demand of a police officer. Considering this portion in the context of sec. 302.220, this court must come to the opposite conclusion.

Sec. 302.220 begins by making it unlawful to display or possess a fictitious, cancelled, suspended, revoked or altered license. The statute then makes it unlawful to let another use one's license or to represent as one's own the license of another. Next, it is made unlawful to fail to surrender to certain persons, e. g., clerk of any circuit, criminal or municipal court, a suspended, cancelled or revoked license. The statute continues by proscribing the falsification of an application for an operator's license. It then prohibits allowing a person who is unlicensed, or who, in some other way, has violated the provisions of chapter 302, to drive a motor vehicle. To this point the statute has spoken of the unlawful use or possession of prohibited licenses and the unlawful use of an automobile by one not properly licensed. The final clause, if we are to accept the state's contention, has nothing to do with either of these themes. The state would have the clause in question here introduce a new subject matter unrelated in kind to the remainder of the statute. The offense would be committed by one whose license is valid in all other respects and who has complied with the provisions of chapter 302. The elements of fraud and improper use, which dominate the statute, are absent under the state's construction. The gravamen of the statute is to prohibit use of an invalid license and not the use of a valid license.

Just as the statute makes it unlawful to fail to surrender a suspended, cancelled or revoked license, this court finds that the clause at issue here relates to the surrender of a license procured through a false or fictitious application.

This construction is in harmony with cognate sections of chapter 302, particularly 302.181. That section provides that a license shall be carried at all times by the holder thereof while driving a motor vehicle. As stated supra, failure to display a license acts as presumptive evidence that the driver is not a duly-licensed motor vehicle operator. It is reasonable to believe that sec. 302.181 was intended to be the only statute on the subject of failure to display a license and that the presumptive evidence rule of sec. 302.181 was intended to be the only sanction for failure to display a license.

This court concludes that neither sec. 302.181 nor sec. 302.220 make it unlawful to fail to display a driver's license on demand of a police officer. The judgment of the Court of Criminal Correction of the City of St. Louis is reversed and appellant is discharged.

All of the Judges concur.