CITY OF IRONTON, APPELLEE, *v.* MURNAHAN, APPELLANT.

(No. 1829—Decided October 29, 1987.)

*Charles Cooper,* for appellee.
*Sam B. Weiner,* for appellant.

STEPHENSON, J.  This is an appeal from a judgment of conviction and a sentence of a fine of $100 and costs, with $75 of the fine suspended, imposed by the Ironton Municipal Court upon Mark Alan Murnahan, appellant herein, after a bench trial in which appellant was found guilty of violating Section 335.06 of the Codified Ordinances of the city of Ironton, which proscribes failure to display a driver's license upon demand. The following errors are assigned.

Assignment of Error One
"(A)  When the testimony at trial reveals that an arresting officer lacked legal justification for demanding the driver's license of the accused, the trial court as a matter of law must order dismissal of the charge of failure to display said driver's license.

"(B)  The arrest of [the] accused for failure to display his driver's license upon an improper demand was an unreasonable seizure contra the Fourth and Fourteenth Amendments to the U.S. Constitution, and Art. I, Sec. 14 of the Ohio Constitution, and all evidence subsequent to that arrest must be suppressed.

"(C)  The verdict is against the manifest weight of the evidence."
Assignment of Error Two
"Where the facts of the case show that the accused was charged with the

wrong offense pursuant to a holding of the Ohio Supreme Court, the trial court is without jurisdiction to order a finding of guilt and sentence; and the conviction must be reversed and dismissed."

The record reflects the following. On August 2, 1986, appellant was operating a motor vehicle on an Ironton city street. Shortly after midnight his vehicle was stopped in a traffic check by an Ironton police officer wherein automobiles were being stopped purportedly to determine if the occupants were in violation of a curfew, to conduct a safety check of the vehicle, and to issue warning tickets if the wearing-of-seat-belt requirement was being violated.

When appellant was requested to display his license, he refused and locked his license in the glove compartment. He was then arrested and charged with the offense for which he was convicted. Neither appellant nor the prosecution was represented by counsel at trial, the officer advising the court he wished to proceed in the absence of the prosecution. The second assignment of error will be initially considered.

In substance, appellant argues that under the ordinance, which is identical to R.C. 4705.35, a person refusing to display his license can only be charged with operating a vehicle without a valid driver's license. We disagree.

R.C. 4507.35 reads as follows:

"The operator or chauffeur of a motor vehicle shall display his license, or furnish satisfactory proof that he has such license, upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee may be involved. When a demand is properly made and the operator or chauffeur has his license on or about his person, he shall not refuse to display said license. Failure to furnish satisfactory evidence that such person

is licensed under sections 4507.01 to 4507.30, inclusive, of the Revised Code, when such person does not have his license on or about his person shall be prima-facie evidence of his not having obtained such license."

A predecessor of this statute was adopted in 116 Ohio Laws, Part II, 33, 38, and read as follows in G.C. 6296.14(b):

"The operator or chauffeur of a motor vehicle shall display his license or furnish satisfactory proof that he has such license upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee may be involved. Failure to produce such license on demand, or to furnish satisfactory evidence that such person is duly licensed under this act, shall be prima facie evidence of his not having obtained such license."

In State v. Farren (1942), 140 Ohio St. 473, 24 O.O. 493, 45 N.E. 2d 413, the court held in the syllabus as follows:

"1. Under the provisions of Section 6296-14(b), General Code, the failure of the operator of a motor vehicle to produce his driver's license or to furnish satisfactory evidence thereof upon the demand of a peace officer does not constitute a misdemeanor.

"2. This section specifically provides that such failure on the part of the driver shall constitute a 'prima facie evidence of his not having obtained such license.' "

In short, the court reasoned that if a separate violation was intended for failure to produce a driver's license on demand, the General Assembly should have so provided.

In response to Farren, the General Assembly amended G.C. 6296-14(b), in 120 Ohio Laws 289, 293, to read as follows:

"The operator or chauffeur of a motor vehicle shall display his license or furnish satisfactory proof that he

has such license upon demand of any peace officer or of any person damaged or injured in any collision in which such licensee may be involved. * * * *When a demand is properly made and the operator or chauffeur has his license on or about his person and refuses to display it, he shall be guilty of a misdemeanor and upon conviction shall be punished as provided in section 6296-30. Failure to furnish satisfactory evidence that such person is duly licensed under this act when such person does not have his license on or about his person shall be prima facie evidence of his not having obtained such license.* (Ellipsis indicates deletion of former language and italics indicates language added by the amendment.)

Appellant would concede the above, but argues that when R.C. 4705.35 was enacted it omitted the language "he shall be guilty of a misdemeanor" so that State v. Farren, supra, is again controlling. The flaw in that argument is that the present R.C. 4507.35 was enacted in Am. H.B. No. 1, effective October 1, 1953 (125 Ohio Laws 7), wherein the Revised Code was enacted·to replace the General Code. The General Assembly in adopting the Revised Code specifically stated in R.C. 1.24 (now repealed) that it did "not" intend to change the law as heretofore expressed by the section or sections of the General Code. See State v. Kotapish (1960), 171 Ohio St. 349, 352, 14 O.O. 2d 77, 79, 171 N.E. 2d 505, 507. See, also, R.C. 1.30.

Accordingly, a failure to display a driver's license upon demand constitutes an offense and is subject to the penalty provided in R.C. 4507.99(B).

The second assignment of error is overruled.

The thrust of the argument in support of appellant's first assignment of error is that the stop of appellant was constitutionally impermissible under the Fourth Amendment and that the evidence derived from the stop should have been suppressed.[1]

The seminal case as to motor vehicle stops is Delaware v. Prouse (1979), 440 U.S. 648. The court stated its holding as follows:

"Accordingly, we hold that except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative. We hold only that persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the unbridled discretion of police officers. The judgment below is affirmed." (Footnote omitted.) Id. at 663.

The rationale underlying the holding is that the Fourth Amendment is implicated since an officer's stopping

---

[1] Crim. R. 12(B)(3) requires that motions to suppress be raised before trial or the issue is waived, subject to the right of the court to grant relief from waiver for good cause shown. The trial court did not rule upon the effect of the failure to file a pretrial motion, but undertook to pass upon the constitutional lawfulness of the stop. Accordingly, since no waiver issue appeared in the trial court or is raised by appellee in this appeal, we review the cause on the merits.

of a motor vehicle and the detaining of the occupant constitute a "seizure" within the amendment and that "[t]he essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of 'reasonableness' upon the exercise of discretion by government officials, including law enforcement agents, in order ' "to safeguard the privacy and security of individuals against arbitrary invasions * * *." ' " (Footnote omitted.) *Id.* at 653-654. The court then reasoned that discretionary spot checks for a driving license and vehicle registration are not sufficiently productive to justify the invasion of privacy against which the Fourth Amendment protects. In sum, the basic teaching of *Prouse* is that the random stopping of a motor vehicle in the unbridled discretion of a police officer is constitutionally proscribed. See *State* v. *Goines* (1984), 16 Ohio App. 3d 168, 169-170, 16 OBR 178, 179, 474 N.E. 2d 1219, 1220-1221, applying *Prouse.*

Without undertaking a detailed analysis of the purported reasons proffered by the officer for the stop herein, noting only in that respect that a stop for curfew violations has no connection with automobile-traffic enforcement and whether vehicle safety checks for violations in the early morning hours could even be reasonable to justify the stop, the manifest deficiency in the record is that there is no evidence tending to show that the vehicles stopped were in accordance with a fixed plan, negating the exercise of unbridled discretion on the part of the officer. In short, there is no evidence of what administrative authority chose the site of the stop, the manner in which vehicles were stopped, and whether only one officer was to conduct the stops.

The brief of appellee concedes the insufficiency of the evidence in this respect, but asserts that the reversal should be only for the purpose of allowing a redetermination of the lawfulness of the stop. Appellee contends that the officer was without authority to waive the presence of the prosecutor. Whether or not he was so authorized, the officer was a representative of the prosecution and the city is bound by the evidence presented.

In light of the above, we hold that the court should have found the prosecution did not carry its burden to show the stop was constitutionally justified, suppressed the evidence derived from the unlawful stop and found appellant not guilty.

The first assignment of error is sustained. The judgment of the trial court is reversed and final judgment is entered in favor of appellant.

*Judgment reversed*
*and appellant discharged.*

GREY, P.J., concurs.

ABELE, J., dissents.