D. Eric McClure Director of Finance P. O. Box 716 Jefferson City, MO 65102
Dear Director McClure:
This opinion is in response to your questions asking:
 (1) If disclosure of certain records is restricted or prohibited by Sections 361.070 and 361.080, RSMo, is the Division of Finance authorized under Section 610.032, RSMo, to disclose those records to another executive agency (including but not limited to the Missouri Division of Securities when it conducts an investigation under Section 409.407, RSMo, or the Missouri Department of Insurance when it conducts an investigation under its authorizing statutes) without obtaining a court order as referenced in Section 361.080.2, RSMo?
 (2) Does the Missouri Right to Financial Privacy Act (Sections 408.675 to 408.700, RSMo, hereinafter, the "Act") prohibit the Division of Finance from disclosing "financial records" to another government authority (including but not limited to the Missouri Division of Securities when it requests such records as part of an investigation of a financial institution conducted pursuant to Section 409.407, RSMo, of the Missouri Department of Insurance when it conducts an investigation under its authorizing statutes) if those records have been duly subpoenaed? If not, does the Act require any notice to the customer either before or after such disclosure?
Several statutory provisions are pertinent to the first question you have posed.
The Division of Finance is created by Section 361.010, RSMo 2000,[1] and, pursuant to Section 361.020, "shall have charge of the execution of the laws relating to banks, trust companies, and the banking business of this state; credit unions; and of the laws relating to persons, copartnerships and corporations engaged in the small loan business in this state." Other provisions of Chapter 361 authorize the Director and other personnel of the Division of Finance to conduct examinations and investigations of such financial institutions.
Section 361.070.1 provides:
 The director of finance, deputy director, other assistants and examiners, and all special agents and other employees . . . will not reveal the conditions or affairs of any bank, banker or trust company in this state or of any credit union or small loan business or any facts pertaining to the same, that may come to his knowledge by virtue of his official position, unless required by law so to do in the discharge of the duties of his said office or as a witness in any proceeding in a court of justice.
In addition, Section 361.080 provides:
 1. To ensure the integrity of the bank examination process, the director of finance, his deputies, clerks, stenographers, each examiner and every employee shall be bound, under oath, to keep secret all facts and information obtained in the course of all examinations, except so far as the public duty of such officer requires him to report upon or take special action regarding the affairs of any bank, trust company or small loan business, and except when he is called as a witness in any proceeding in a court of justice relating to such financial institution's safety and soundness or in any criminal proceeding.
 2. In all other circumstances, facts and information obtained by the division of finance in the course of examinations or investigations of a bank or trust company shall be held in confidence and not disclosed absent a court's finding of compelling reasons for disclosure. Such finding shall demonstrate that the need for the information sought outweighs the public interest in free and open communications during the bank examination process. In no event shall a bank, trust company, or any director, officer, employee, or agent thereof be held liable for libel, slander or defamation of character for any good faith communications by such bank, trust company or any director, officer, employee, or agent thereof to the director of finance or his deputies, examiners, or employees. Provided, however, that nothing in this section shall prohibit the disclosure of examination or investigation reports and work papers to a bank or trust company when a dispute arises concerning the examination or investigation of such bank or trust company.
 3. If any director of finance, deputy, clerk, stenographer or examiner shall disclose the name of any debtor of any bank, trust company or small loan business, or anything relative to the private accounts, affairs or transactions of the bank, trust company or small loan business, or shall disclose any facts obtained in the course of his or their examination of any bank, trust company or small loan business, except as herein provided, he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be subject to a forfeiture of his office and the payment of a fine of not more than one thousand dollars; provided, however, that the director of finance, his deputies, and each examiner may exchange information with the Federal Reserve Board, the federal reserve banks, or with examiners duly appointed by the Federal Reserve Board, or by the federal reserve banks, the Comptroller of Currency of the United States, or with examiners duly appointed by him, the Federal Deposit Insurance Corporation or the examiners duly appointed by it, or any other agency which regulates financial institutions under the laws of the federal government or of this state or any other state when the director of finance determines that the sharing of such information is necessary for the proper performance of the bank examination, supervisory or regulatory duties of such agencies and examiners, that such information will receive protection from disclosure comparable to that accorded by section 361.070 and this section, and such agencies and examiners routinely share such information with the division of finance; and provided, further, that reports shall be made of the condition of the affairs of a bank or trust company ascertained from the examination to the officers and directors of the bank or trust company examined, and to the finance director, and to any holding company owning control of such bank or trust company if authorized by the board of directors of the bank or trust company.
The office of Commissioner of Securities is established by Section 409.406 and, by that same provision, the Commissioner of Securities is charged with administering Sections 409.101 to 409.419. Section 409.407 grants investigative powers to the Commissioner of Securities, providing in part:
(a) The commissioner in his discretion:
 (1) May make such public or private investigations and inspections within or outside of this state as he deems necessary to determine whether any registration should be granted, denied or revoked or whether any person has violated or is about to violate any provision of this act or any rule or order hereunder, or to aid in the enforcement of this act or in the prescribing of rules and forms hereunder,
. . . .
 (b) For the purpose of any investigation or proceeding under this act, the commissioner or any officer designated by him may administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence and require the production of any books, papers, correspondence, memoranda, agreements or other documents or records which the commissioner deems relevant or material to the inquiry.
The Department of Insurance is established by Article IV, Section 36(b) of the Missouri Constitution and is charged by Section 374.010 with execution of laws relating to insurance and insurance companies. Section 374.190 grants investigative powers to the Department of Insurance, providing in part:
 1. The director shall examine and inquire into all violations of the insurance laws of the state, and inquire into and investigate the business of insurance transacted in this state by any insurance agent, broker, agency or insurance company.
 2. He or any of his duly appointed agents may compel the attendance before him, and may examine, under oath, the directors, officers, agents, employees, solicitors, attorneys or any other person, in reference to the condition, affairs, management of the business, or any matters relating thereto. He may administer oaths or affirmations, and shall have power to summon and compel the attendance of witnesses, and to require and compel the production of records, books, papers, contracts or other documents, if necessary.
Section 610.032 states:
 1. If an executive agency's records are closed by law, it may not disclose any information contained in such closed records in any form that would allow identification of individual persons or entities unless:
 (1) Disclosure of such information is made to a person in that person's official capacity representing an executive agency and the disclosure is necessary for the requesting executive agency to perform its constitutional or statutory duties; or
(2) Disclosure is otherwise required by law.
 2. Notwithstanding any other provision of law to the contrary, including, but not limited to, section 32.057, RSMo, such closed information may be disclosed pursuant to this section; however, the providing executive agency may request, as a condition of disclosing such information, that the requesting executive agency submit:
 (1) The constitutional or statutory duties necessitating the disclosure of such information;
 (2) The name and official capacity of the person or persons to whom such information will be disclosed;
 (3) An affirmation that such information will be used only in furtherance of such constitutional or statutory duties; and
 (4) The date upon which the access is requested to begin, when the request is for continuous access.
 3. Any executive agency receiving such a request for closed information shall keep the request on file and shall only release such information to the person or persons listed on such request. If the request is for continuous access to such information, the executive agency shall honor the request for a period of one year from the beginning date indicated on such request. If the requesting executive agency requests such information for more than one year, the agency shall provide an updated request for closed information to the providing executive agency upon expiration of the initial request.
 4. Any person receiving or releasing closed information pursuant to this section shall be subject to any laws, regulations or standards of the providing executive agency regarding the confidentiality or misuse of such information and shall be subject to any penalties provided by such laws, regulations or standards for the violation of the confidentiality or misuse of such information.
 5. For the purposes of this section, "executive agency" means any administrative governmental entity created by the constitution or statutes of this state under the executive branch, including any department, agency, board, bureau, council, commission, committee, board of regents or board of curators of any institution of higher learning supported in whole or in part by state funds, any subdivision of an executive agency, and any legally designated agent of such entity.
Section 610.032 applies to certain circumstances envisioned in your request.[2] The Division of Finance is a governmental entity established by Section 361.010 to administer certain laws relating to financial institutions. The Commissioner of Securities is a governmental entity established by Section 409.406
to administer certain laws relating to regulation of securities and the Department of Insurance is a governmental entity established by Article IV, Section 36(b) of the Missouri Constitution to administer certain laws relating to insurance and insurance companies. Thus, each is an "administrative governmental entity created by the constitution or statutes of this state under the executive branch" and is therefore an "executive agency" as defined by Section 610.032.5.
In addition, the information protected from disclosure by Section 361.070 or 361.080 is the type of information to which Section 610.032 is applicable. Section 610.032 applies to inter-agency exchange of information contained in records that "are closed by law." Section 610.032.1. Section 610.010(1) defines a "closed record" as a record that is closed to the public. Thus, Section 610.032 applies to information that is required by law not to be released to the public. Section 361.070
establishes such a category of records and information by restricting the release of certain information about financial institutions gained by Division of Finance personnel by virtue of their official positions, as does Section 361.080 by requiring that information obtained in examinations be kept secret and that information obtained in examinations or investigations be held in confidence.
In the circumstances identified in your request, the information provided by the Division of Finance to the Commissioner of Securities or the Department of Insurance would be information disclosed "to a person in that person's official capacity representing an executive agency." Your opinion request addresses a request for information made by the Commissioner of Securities as part of an investigation pursuant to Section 409.407
or a request made by the Department of Insurance as part of an investigation pursuant to its applicable statutes, which we take to be an investigation pursuant to Section 374.190. In such circumstances, the Commissioner of Securities or the Department of Insurance would plainly be receiving the information in an "official capacity."
Finally, when the Commissioner of Securities makes a request for information about a financial institution that is proper and within the scope of the Commissioner's authority under Section409.407 or when the Department of Insurance makes a request for information about a financial institution that is proper and within the scope of the Department's authority under Section374.190,[3] disclosure of information in response to that request would be "necessary for the requesting executive agency to perform its constitutional or statutory duties." The Commissioner of Securities is charged with the duty of administering statutes regulating securities and is empowered to conduct investigations in furtherance of that duty. Sections 409.406 and 409.407. When the Commissioner of Securities conducts an investigation pursuant to Section 409.407 in furtherance of the statutory duty to administer the securities laws it is necessary that the Commissioner be able to obtain information of interest to the investigation. Likewise, the Department of Insurance is charged with the duty of administering statutes relating to insurance and insurance companies and is empowered to conduct investigations in furtherance of that duty. Sections 374.010 and 374.190. When the Department of Insurance conducts an investigation pursuant to Section 374.190 in furtherance of the statutory duty to administer the insurance laws it is necessary that the Department be able to obtain information of interest to the investigation.
Accordingly, assuming, as your request asks us to do, that Section 361.070 or 361.080, would otherwise prohibit the release of information from the Division of Finance to the Commissioner of Securities or the Department of Insurance,[4] Section 610.032
authorizes the Division of Securities to provide confidential information that the Commissioner of Securities requests as part of an investigation pursuant to Section 409.407 or that the Department of Insurance requests as part of an investigation pursuant to Section 374.190. The plain meaning of statutory language is to be given effect whenever possible. State ex rel.D.M. v. Hoester, 681 S.W.2d 449, 450 (Mo.banc 1984). By its terms, Section 610.032 demonstrates the legislature's intent to establish a means for executive agencies to exchange information contained in records that are closed from public disclosure even in circumstances where the statutes providing for confidentiality of such information do not otherwise allow for an inter-agency exchange. This is evident in the statute's provision that an executive agency may disclose closed information to another executive agency (subject to the procedures and protections of that section), "[n]otwithstanding any other provision of law to the contrary."
The language of Sections 361.070.1 and 361.080 does not prevent an exchange of information pursuant to Section 610.032 in the circumstances identified in your request. While the language of those statutes limits disclosure to certain conditions, that language should not be interpreted to conflict with the provisions of Section 610.032 authorizing inter-agency information exchange. Statutes which seemingly are in conflict should be harmonized so as to give meaning to both statutes. State ex rel. Riordan v.Dierker, 956 S.W.2d 258, 260 (Mo.banc 1997). Where a literal reading of a statute's terms would bring it into conflict with other statutes addressing the same subject matter, the statutes should be harmonized if possible so that they do not conflict.See, e.g., Taylor v. McNeal, 523 S.W.2d 148, 151 (Mo.App. 1975). In addition, context and related clauses must be considered when construing a particular portion of a statute. State v. Campbell,564 S.W.2d 867, 869 (Mo.banc 1978).
In this case, Section 361.070.1 prohibits Division personnel from revealing certain information "unless required by law so to do in the discharge of the duties of his said office or as a witness in any proceeding in a court of justice." Subsection 1 of Section 361.080 requires a Division employee "to keep secret" information obtained in examinations "except so far as the public duty of such officer requires him to report upon or take special action regarding the affairs of any bank, trust company or small loan business, and except when he is called as a witness in any proceeding in a court of justice relating to such financial institution's safety and soundness or in any criminal proceeding." Subsection 2 of Section 361.080 in turn provides that in "all other circumstances" facts and information obtained in examinations or investigations must be kept confidential absent certain findings by a court.
Read in context, these provisions should not be interpreted to establish exclusive means for disclosing the information they identify. Section 361.070.1 does not contain language expressly allowing for exceptions from the conditions it establishes for release of information obtained by Division personnel in performance of their duties, but Section 361.080 nonetheless establishes additional means for disclosure of information obtained in examinations and investigations. Likewise, the terms of subsections 1 and 2 of Section 361.080 do not expressly allow for exceptions from the conditions they establish for release of information, but subsection 3 of Section 361.080 nonetheless provides an additional avenue of disclosure in the form of information exchanges with certain other agencies regulating financial institutions. Thus, notwithstanding the lack of any language in these provisions expressly allowing for exceptions to the conditions they establish for release of information, it is apparent that they are not intended to rule out the possibility of other means of disclosure provided by law. As discussed above, Section 610.032 applies to the circumstances identified in your request and provides just such an additional avenue for disclosure of information otherwise protected by Sections 361.070.1 or361.080.
Accordingly, with respect to your first question, it is the opinion of this office that, when the Commissioner of Securities makes a request for information about a financial institution that is proper and within the scope of the Commissioner's authority under Section 409.407 or when the Department of Insurance makes a request for information about a financial institution that is proper and within the scope of the Department's authority under Section 374.190, the Division of Finance may provide information about the financial institution, which would otherwise be prohibited from disclosure by Sections 361.070.1 or 361.080, to the Commissioner or the Department, respectively, pursuant to Section 610.032 without need for a court order.
Your second question addresses the application of the Missouri Right to Financial Privacy Act. Several provisions of the Act are relevant to your inquiry.
Section 408.675.2 defines various terms that are relevant to your question:
 For the purposes of sections 408.675 to 408.700, the following terms mean:
 (1) "Customer", any person or his authorized representative who utilized services of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in such person's name;
 (2) "Financial institution", bank, savings and loan association, trust company, credit union, consumer credit lender, consumer finance institution, persons who act as lender on loans governed by sections 408.100 and 408.120 to 408.190, persons who are sellers under a retail time contract or retail time transactions governed by sections 408.250 to 408.370, and any other persons, including, but not limited to, stockbrokers and brokerage firms, which accept money for deposit to an account on which checks may be drawn by the owner of such account;
 (3) "Financial record", an original, a copy, or information derived from any record held by a financial institution pertaining to a customer's relationship with the financial institution;
 (4) "Government authority", any agency or department of the state of Missouri or any agent thereof;
. . . .
 (8) "Government investigation", a lawful proceeding inquiring into a violation of any civil statute or any valid regulation, rule, or order issued pursuant thereto.
Generally, the Act limits the ability of government authorities to obtain access to a customer's financial records from a financial institution and establishes requirements for notice to the customer whose financial records are sought. Sections 408.677 — 408.683.
However, the Act also contains provisions limiting its application. Of particular relevance to your question are portions of Section 408.692, which provide:
 1. Except for sections 408.680 and 408.700, nothing in sections 408.675 to 408.700 shall apply when financial records are sought by a government authority:
 (1) In connection with a lawful proceeding, investigation, examination, or inspection directed at the financial institution in possession of such records or at a legal entity which is not a customer;
. . . .
 2. When financial records are sought pursuant to this section, the government authority shall submit to the financial institution the notice required by subsection 2 of section 408.680. For access pursuant to subdivision (2) of subsection 1 of this section, no further certification shall be required for the subsequent access by the applicable government authority during the term of the loan, loan guaranty, or loan insurance agreement.
. . . .
 4. Financial records obtained pursuant to this section may be used only for the purpose for which they were originally obtained, and may be transferred to another agency or department only when the transfer is to facilitate a lawful proceeding, investigation, examination, or inspection directed at the financial institution in possession of such records, or at a legal entity which is not a customer, except that:
 (1) Nothing in sections 408.675 to 408.700
prohibits the use or transfer of a customer's financial records needed by counsel representing a government authority in a civil action arising from a government loan, loan guaranty, or loan insurance agreement;
 (2) Nothing in sections 408.675 to 408.700
prohibits a government authority providing assistance to a customer in the form of a loan, loan guaranty, or loan insurance agreement from using or transferring financial records necessary to process, service or foreclose a loan, or to collect on an indebtedness to the government resulting from a customer's default.
These provisions of Section 408.692 apply to certain circumstances addressed in your second question and in those circumstances permit the Division of Finance to provide financial records to the Commissioner of Securities or the Department of Insurance without giving notice to the customers whose records are being transferred.[5] First, as an agency of the State of Missouri, the Division of Finance falls within the Act's definition of "governmental authority." Second, pursuant to the provisions of Chapter 361, the Division of Finance possesses lawful authority to examine and investigate financial institutions. Thus, when it conducts an examination or investigation of a financial institution, the Division of Finance obtains access to customers' financial records pursuant to the exemption established in Section 408.692.1 and is not required to comply with the Act's provisions calling for notice to a customer whose financial records are accessed.[6] Finally, Section408.692.4 authorizes the Division of Finance to transfer financial records that it has obtained from a financial institution under the exemption of Section 408.692.1 "to another agency . . . to facilitate a lawful . . . investigation . . . directed at the financial institution in possession of such records." By the plain terms of the statute, an investigation of a financial institution by the Commissioner of Securities pursuant to Section409.407 or by the Department of Insurance pursuant to Section374.190 is an investigation for which Section 408.962.4 permits transfer of financial records.
Accordingly, with respect to your second question, it is the opinion of this office that when the Division of Finance obtains financial records in the course of an examination or investigation of a financial institution conducted pursuant to the provisions of Chapter 361, it acts within the exemption created by Section 408.962.1 and is permitted to transfer those financial records to the Commissioner of Securities when requested as part of a Section409.407 investigation of the same financial institution or to the Department of Insurance when requested as part of a Section374.190 investigation of the same financial institution, without providing notice to the customers whose financial records are being transferred.
 CONCLUSION
It is the opinion of this office that (1) when the Commissioner of Securities makes a request for information about a financial institution that is proper and within the scope of the Commissioner's authority under Section 409.407 or when the Department of Insurance makes a request for information about a financial institution that is proper and within the scope of the Department's authority under Section 374.190, the Division of Finance may provide information about the financial institution, which would otherwise be prohibited from disclosure by Sections361.070.1 or 361.080, to the Commissioner or the Department, respectively, pursuant to Section 610.032 without need for a court order; and (2) when the Division of Finance obtains financial records in the course of an examination or investigation of a financial institution conducted pursuant to the provisions of Chapter 361, it acts within the exemption created by Section 408.962.1 and is permitted to transfer those financial records to the Commissioner of Securities when requested as part of a Section409.407 investigation of the same financial institution or to the Department of Insurance when requested as part of a Section374.190 investigation of the same financial institution, without providing notice to the customers whose financial records are being transferred.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references are to the 2000 volume of the Missouri Revised Statutes.
[2] Your request seeks our opinion on the application of Section 610.032 to the disclosure of information by the Division of Finance to any executive agency. Because Section 610.032
requires that the requested confidential information be necessary for the requesting agency to perform its constitutional or statutory duties, we have limited our analysis to circumstances in which the Commissioner of Securities or the Department of Insurance is requesting confidential information about a financial institution that the Commissioner or the Department is investigating under the statutes discussed below. In those circumstances, as described below, we are able to identify the statutory basis for the request and the need that the requesting agency would have for closed information. To opine on the application of Section 610.032 to other requests, we would need additional information to determine whether disclosure of closed information would be necessary for the requesting agency to perform its constitutional or statutory duties.
[3] Because your opinion request addresses a request for information made as part of an investigation conducted pursuant to Section 409.407 or pursuant to the Department of Insurance's applicable statutes, we can assume that the request is appropriate — such as a circumstance in which the Commissioner of Securities or Department of Insurance is investigating an entity which has also been investigated by the Division of Finance — and is not made pursuant to Section 409.407 or Section 374.190 as a pretext and is not otherwise improper.
[4] Based on the wording of your opinion request, we have not examined whether the provisions of Section 361.080.3 or any other aspect of Section 361.070 or 361.080 would also permit the Division of Finance to provide confidential information to the Commissioner of Securities or the Department of Insurance.
[5] Your request seeks our opinion on the disclosure of financial records in other circumstances as well. We have limited our analysis to the circumstances discussed below, in which we can determine the applicability of the terms of the Missouri Right to Financial Privacy Act. To opine on the disclosure of financial records in other contexts we would need additional information about the manner in which the Division of Finance obtained the financial records and the basis on which any other agency requests those records from the Division of Finance.
[6] The Division of Finance is only required to provide notice to the financial institution being examined or investigated that it has complied with the applicable provisions Sections408.675 — 408.700. Sections 408.680.2 and 408.962.2.
Attached is Missouri Attorney General Opinion Letter No. 166-2001 issued on March 30, 2001. For purposes of indexing, we are summarizing the opinion as follows:
 Review and approval of legal content and form of fiscal note summary for initiative petition pursuant to Section 116.175, RSMo, regarding a proposal to amend Article IV of the Missouri Constitution by adding Section 30(D) (Fiscal Note No. 01-07).
We are indexing the opinion under the heading: Initiatives.
Attached is Missouri Attorney General Opinion No. 168-2001 issued on March 29, 2001. For purposes of indexing, we are summarizing the opinion as follows:
 (1) When the Commissioner of Securities makes a request for information about a financial institution that is proper and within the scope of the Commissioner's authority under Section 409.407 or when the Department of Insurace makes a request for information about a financial institution that is proper and within the scope of the Department's authority under Section 374.190, the Division of Finance may provide information about the financial institution, which would otherwise be prohibited from disclosure by Sections 361.070.1 or 361.080, to the Commissioner or the Department, respectively, pursuant to Section 610.032
without need for a court order. (2) When the Division of Finance obtains financial records in the course of an examination or investigation of a financial institution conducted pursuant to the provisions of Chapter 361, it acts within the exemption created by Section 408.962.1 and is permitted to transfer those financial records to the Commissioner of Securities when requested as part of a Section 409.407 investigation of the same financial institution or to the Department of Insurance when requested as part of a Section 374.190 investigation of the same financial institution, without providing notice to the customers whose financial records are being transferred.
We are indexing the opinion under the heading: Division of Finance, Commissioner of Securities, Division/Departament of Insurance, and Sunshine Law.